

**MMB** IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

Ruth Henry, Co-Admin. of the Estate of
Jason Henry
6883 North 19ᵗʰ Street
Philadelphia, PA

Rudolph Henry, Co-Admin. of the Estate of
Jason Henry
6883 North 19ᵗʰ Street
Philadelphia, PA

           **Plaintiffs**

    **V.**

City of Philadelphia, et al
1515 Arch Street
Philadelphia, PA

           **Defendants**

Civil Action

NO: _____ **09 ¨ 1584**

*FILED*

APR 1 2009

By _____ Dep. Cler.

Formerly
**Court of Common Pleas**
**Philadelphia County**
**Trial Division – Civil**
**August Term 2007**
**No. 002705**

## NOTICE OF REMOVAL

**To the Honorable Judges of the United States District Court for the Eastern District of Pennsylvania.**

    Pursuant to 28 U.S.C. § 1441, defendant,  City of Philadelphia (hereinafter "petitioners") through their counsel, Mark V. Maguire, Assistant City Solicitor, respectfully petition for the removal of this action to the United States District Court for the Eastern District of Pennsylvania. In support thereof, defendants state the following:

    1.   In March 2009, plaintiff initiated this action by a Complaint in the Court of Common Pleas in Philadelphia, March 2009, No. 004677.  (Exhibit A - Complaint).

    2.  On April 1, 2009, said Complaint was served on Petitioners at 1515 Arch Street, 14th Floor, Philadelphia, Pennsylvania.

    3.  Plaintiffs alleges that on August 5, 2007, damages were sustained when their son Jason Henry was killed by defendants. (Exhibit A ).

    4.  This action may be removed to this Court pursuant to 28 U.S.C. § 1441 since Plaintiff's Complaint contains allegations of violations of the plaintiff's Federal Civil Rights and seeks relief under 42 U.S.C. § 1983.  (Exhibit A)

**Wherefore,** petitioners, City of Philadelphia, respectfully request that the captioned Complaint be removed to the United States District Court for the Eastern District of Pennsylvania.

Respectfully submitted,

Craig Straw
Chief Deputy City Solicitor

**MARK V. MAGUIRE**
**Assistant City Solicitor**
**Attorney I.D. No. 94242**
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
215-683-5447

Date: 4-14-09

**MMB**

## IN THE UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **Ruth Henry, Co-Admin. of the Estate of Jason Henry**<br>6883 North 19th Street<br>Philadelphia, PA | **Civil Action** |
| | **NO: _____** |
| **Rudolph Henry, Co-Admin. of the Estate of Jason Henry**<br>6883 North 19th Street<br>Philadelphia, PA<br><br>        **Plaintiffs** | **09   1584** |
|     **V.** | |
| **City of Philadelphia, et al**<br>1515 Arch Street<br>Philadelphia, PA<br><br>        **Defendants** | **Formerly**<br>**Court of Common Pleas**<br>**Philadelphia County**<br>**Trial Division – Civil**<br>**August Term 2007**<br>**No. 002705** |

### NOTICE OF FILING OF REMOVAL

TO:    Sidney L. Gold
        1835 Market Street, Suite 515
        Philadelphia, PA  19103

        Robert A. Davitch
        2700 Aramark Tower
        1101 Market St.
        Philadelphia, PA  19107

      PLEASE TAKE NOTICE THAT on    April 14, 2009, defendants, City of Philadelphia, filed, in the office of the Clerk of the United States District Court for the Eastern District of Pennsylvania a verified Notice of Removal.

      A copy of this Notice of Removal is attached hereto and is also being filed with the Clerk of the Court of Common Pleas of Philadelphia County, pursuant to Title 28, United States Code, Section 1446(e).

                    **MARK V. MAGUIRE**
                    **Assistant City Solicitor**
                    **Attorney I.D. No. 94242**
                    City of Philadelphia Law Department
                    1515 Arch Street, 14th Floor
                    Philadelphia, PA  19102
                    215-683-5447



# IN THE UNITED STATES DISTRICT COURT FOR
# THE EASTERN DISTRICT OF PENNSYLVANIA

Ruth Henry, Co-Admin. of the Estate of
Jason Henry
6883 North 19th Street
Philadelphia, PA

Rudolph Henry, Co-Admin. of the Estate of
Jason Henry
6883 North 19th Street
Philadelphia, PA

    **Plaintiffs**

  **V.**

City of Philadelphia, et al
1515 Arch Street
Philadelphia, PA

    **Defendants**

Civil Action

NO: **09    1584**

**FILED**

APR 1 _ 2009

MIC... ...K
By _____ / Dep. Clerk

Formerly
**Court of Common Pleas**
**Philadelphia County**
**Trial Division – Civil**
**August Term 2007**
**No. 002705**

## CERTIFICATE OF SERVICE

  I, Mark V. Maguire, Assistant City Solicitor do hereby certify that a true and correct copy of the attached Notice of Removal has been served upon the following by First Class Mail, postpaid, on the date indicated below:

TO: Sidney L. Gold
   1835 Market Street, Suite 515
   Philadelphia, PA  19103

   Robert A. Davitch
   2700 Aramark Tower
   1101 Market St.
   Philadelphia, PA  19107

          **Mark V. Maguire**
          **Assistant City Solicitor**
          City of Philadelphia Law Department
          1515 Arch Street, 14th Floor
          Philadelphia, PA  19102
          215-683-5447

Date: 4-14-09

Exhibit "A"

**MMB**

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

| For Prothonotary Use Only (Docket Number) |
|---|
| **MARCH 2009**   **004677** |
| E-Filing Number: 0903044640 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| RUTH  HENRY | CITY OF  PHILADELPHIA |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 6883 NORTH 19 TH STREET PHILADELPHIA  PA 19126 | C/O LAW DEPT. 1515 ARCH ST. PHILADELPHIA  PA 19102 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| RUDOLPH  HENRY | JOHN DOE, POLICE OFFICER |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 6883 NORTH 19 TH STREET PHILADELPHIA  PA 19126 | C/O LAW DEPT. 1515  ARCH STREET PHILADELPHIA  PA 19102 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 2 | 2 | [X] Complaint    [ ] Petition Action    [ ] Notice of Appeal [ ] Writ of Summons  [ ] Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | | |
|---|---|---|---|---|
| [ ] $50,000.00 or less [X] More than $50,000.00 | [ ] Arbitration [X] Jury [ ] Non-Jury [ ] Other: | [ ] Mass Tort [ ] Savings Action [ ] Petition | [ ] Commerce [ ] Minor Court Appeal [ ] Statutory Appeals | [ ] Settlement [ ] Minors [ ] W/D/Survival |

| CASE TYPE AND CODE |
|---|
| 2B – ASSAULT, BATTERY |

| STATUTORY BASIS FOR CAUSE OF ACTION |
|---|
| |

| RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER) | | IS CASE SUBJECT TO COORDINATION ORDER? |
|---|---|---|
| | **FILED PRO PROTHY** MAR 27 2009 **S. GARRETT** | YES          NO |

TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: RUTH  HENRY   , RUDOLPH  HENRY

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS |
|---|---|
| SIDNEY L. GOLD | 1835 MARKET  STREET SUITE 515 PHILADELPHIA PA 19103 |

| PHONE NUMBER | FAX NUMBER | |
|---|---|---|
| (215) 5691999 | (215) 5693870 | |

| SUPREME COURT IDENTIFICATION NO. | E-MAIL ADDRESS |
|---|---|
| 21374 | SGOLD@DISCRIMLAW.NET |

| SIGNATURE OF FILING ATTORNEY OR PARTY | DATE SUBMITTED |
|---|---|
| *SIDNEY GOLD* | Friday, March 27, 2009, 03:42 pm |

FINAL COPY (Approved by the Prothonotary Clerk)

LAW OFFICES OF SIDNEY L. GOLD & ASSOC., P.C.
By: Sidney L. Gold, Esquire
I.D. No.: 21374
1835 Market Street, Ste 515
Philadelphia, PA 19103
(215) 569-1999
-and-
SIDKOFF, PINCUS & GREEN, P.C.
By: Robert A. Davitch, Esquire
I.D. No.: 23827
1101 Market Street
2700 Aramark Tower
Philadelphia, PA 19107
(215) 574-0600

> THIS IS NOT AN ARBITRATION CASE
> AN ASSESSMENT OF DAMAGES
> HEARING IS REQUESTED/
> DEMANDED

*Filed and Attested by PROTHONOTARY 30 MAR 2009 03:12 pm S. GARRETT*

Attorneys for Plaintiff

| | | |
|---|---|---|
| RUDOLPH HENRY and | : | COURT OF COMMON PLEAS |
| RUTH HENRY, husband and wife | : | PHILADELPHIA COUNTY |
| Individually and as Co-Administrators of the | : | |
| Estate of JASON HENRY, deceased | : | |
| 6883 North 19ᵗʰ Street | : | MARCH TERM, 2009 |
| Philadelphia, PA 19126, | : | NO.: |
|         Plaintiffs. | : | |
| | : | |
|     v. | : | |
| CITY OF PHILADELPHIA | : | CIVIL TRIAL DIVISION |
| c/o Law Department | : | |
| 1515 Arch Street | : | |
| Philadelphia, PA 19102 | : | |
|     and | : | |
| POLICE OFFICER JOHN DOE | : | |
| c/o Law Department | : | |
| 1515 Arch Street | : | |
| Philadelphia, PA 19102, | : | |
|       Defendants. | : | |

### NOTICE TO DEFEND

| NOTICE | AVISO |
|---|---|
| You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you. | Le han demandado a usted en la corte. Si usted quiere defenderse de estas de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo a partir de la fecha de la demanda y la notificacion. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defenses o sus objeciones a las demandas en contra de su persona. See avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted compla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted. LLEVE ESTA DEMANDA A UN ABOGADO IMMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL. |
| YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER. IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE. | ASOCIACION DE LICENCIADOS DE FILADELFIA SERVICIO DE REFERENCIA E INFORMACION LEGAL |
| PHILADELPHIA BAR ASSOCIATION LAWYER REFERRAL AND INFORMATION SERVICE One Reading Center Philadelphia, PA 19107 Telephone: 215-238-1701 & (215) 238-6333 TTY- (215) 451-6197 | One Reading Center Filadelfia, Pennsylvania 19107 Telefono: 215-238-1701 (215) 238-6333 TTY-(215) 451-6197 |

LAW OFFICES OF SIDNEY L. GOLD & ASSOC.
By: Sidney L. Gold, Esquire
Identification No. 21374
Eleven Penn Center
1835 Market Street, Suite 515
Philadelphia, PA 19103
(215) 569-1999
   and
SIDKOFF, PINCUS & GREEN, P.C.
By: Robert A. Davitch, Esquire
Identification No. 23827
1101 Market Street
2700 Aramark Tower
Philadelphia, PA 19107
(215) 574-0600

- THIS IS NOT AN ARBITRATION CASE
- ASSESSMENT OF DAMAGES and Attested by
  HEARING IS REQUESTED PROTHONOTARY
  20 MAR 2009 03:42 pm
- JURY TRIAL DEMANDED   S. GARRETT

Attorneys for Plaintiffs

---

**RUDOLPH HENRY** and
**RUTH HENRY**, husband and wife
Individually and as Co-Administrators
of the Estate of **JASON HENRY**, deceased
6883 North 19th Street
Philadelphia, PA 19126

     Plaintiffs,

   v.

**CITY OF PHILADELPHIA**
c/o Law Department
1515 Arch Street
Philadelphia, PA 19102
   and
**POLICE OFFICER JOHN DOE**
c/o Law Department
1515 Arch Street
Philadelphia, PA 19102

     Defendants.

COURT OF COMMON PLEAS
PHILADELPHIA COUNTY

MARCH TERM, 2009

NO.

---

**COMPLAINT – CIVIL ACTION**

**WRONGFUL DEATH/SURVIVAL ACTION**/ASSAULT & BATTERY

1

## COMPLAINT – CIVIL ACTION

### Parties

1.     Plaintiffs, Rudolph Henry and Ruth Henry ("Plaintiffs"), husband and wife, are adult individuals and citizens of the Commonwealth of Pennsylvania who at all relevant times have resided at 6883 North 19th Street, Philadelphia, PA 19126.

2.     Plaintiffs are the natural parents of the late Jason Henry ("Jason"), who died on August 5, 2007, at the age of 23.

3.     Plaintiffs are the Co-Administrators of the Estate of Jason, having been appointed to act in that capacity by the Register of Wills of Philadelphia County on or about August 30, 2007.

4.     In their capacity as personal representatives of Jason and Co-Administrators of Jason's Estate, Plaintiffs, as the only persons entitled by law to recover damages, bring this wrongful death and survival action.

5.     Defendant, City of Philadelphia ("City"), is a municipality of the Commonwealth of Pennsylvania which at all relevant times has managed, controlled, directed and/or operated the Philadelphia Police Department ("Police Department").

6.     Defendant, John Doe ("Doe"), is an adult individual and a citizen of the Commonwealth of Pennsylvania who at all relevant times was a police officer employed by Defendant City in the Police Department, and as such, was under the supervision, direction and control of the City and the Police Department.

7.     As alleged herein, Defendant Doe caused and was responsible for the death of Jason. Because Plaintiffs, after reasonable investigation, have been unable to determine the identity of Defendant Doe, when Defendant Doe's identity is determined,

2

the Complaint will be amended to substitute, for "John Doe", the actual name of the City police officer who caused and was responsible for the death of Jason.

8.  Defendant City has at all relevant times known the true identity, including the name and badge number, of Defendant Doe. Therefore, Defendant City will not be harmed or prejudiced by a subsequent amendment of the Complaint that identifies Defendant Doe by his or her real name.

9.  Plaintiffs bring this action against Defendant Doe in his/her individual capacity as a police officer for the Defendant City.

10.  At all relevant times, Defendant City and Defendant Doe acted under color of state law.

### Relevant Facts

11.  On August 5, 2007, at or about 11:00 a.m., Plaintiff Ruth Henry called the Police Department seeking help for Jason because he was acting strangely in the home where Jason and Plaintiffs resided, located at 6883 North 19th Street in Philadelphia ("Plaintiffs' residence").

12.  As a result of Plaintiff Ruth Henry's call to the Police Department, a number of City police officers were called to and arrived at Plaintiffs' residence at or around 11:20 a.m. on August 5, 2007; and upon their arrival, the said City police officers stationed themselves outside of or in front of Plaintiffs' residence ("the Scene").

13.  Defendant Doe, while on duty as a police officer for Defendant City, was one of the City police officers who was called to and arrived at the Scene at or around 11:20 a.m. on August 5, 2007.

3

Case ID: 090304677

14.   When Defendant Doe and the other City police officers arrived at the Scene, Jason was inside Plaintiffs' residence.

15.   After Defendant Doe and the other City police officers had arrived at the Scene, they remained outside of Plaintiffs' residence.

16.   While Defendant Doe and the other City police officers were at the Scene, stationed outside of Plaintiffs' residence, Jason's brother, Craig Henry, was also at the Scene, standing outside of Plaintiffs' residence.

17.   While he was standing outside of Plaintiffs' residence, and in the presence of City police officers who were also at the Scene, Craig Henry used his cellular phone to call Jason while Jason was inside Plaintiffs' residence.

18.   In the presence of City police officers who were at the Scene, Craig Henry, using his cellular phone from outside of Plaintiff's residence, spoke to Jason by telephone while Jason was inside Plaintiffs' residence, and urged Jason to come out of Plaintiffs' residence peacefully.

19.   At or around 11:40 a.m. on August 5, 2007, as a result of Craig Henry's telephone discussion with Jason, Jason exited Plaintiffs' residence through the front door, in the plain view of Defendant Doe and the other City police officers who were at the Scene.

20.   When Jason exited Plaintiffs' residence, he was unarmed and his hands were above his head.

21.   Almost immediately after Jason had exited Plaintiffs' residence, a City police officer who was at the Scene shocked Jason with a "Taser" gun that the officer fired at Jason.

4

22.    The Taser was used by the police officer on Jason to subdue, control and/or temporarily incapacitate Jason.

23.    The use of the Taser gun on Jason did not constitute deadly force; and Jason did not die as a result of the Taser-induced shocks he received.

24.    As a result of, and immediately after being shocked by the Taser, Jason was stunned and incapacitated, and he stumbled to the ground in front of Plaintiffs' residence, near the front door.

25.    However, within seconds after Jason had been shocked and stunned by the Taser, Defendant Doe, acting as aforesaid, while facing Jason, used deadly force on Jason by firing at least seven gunshots at Jason in rapid succession and from close range.

26.    Jason was struck by six of the gunshots that were fired at him by Defendant Doe, with the bullets striking Jason in the left chest, right arm, left forearm, right iliac crest, right hip and left thigh.

27.    Defendant Doe acted with the intent to kill Jason when he fired the said gunshots; and Jason was, in fact, mortally wounded by the gunshots.

28.    The deadly force used by Defendant Doe against Jason, under the circumstances, was excessive and unreasonable.

29.    In using excessive, unreasonable and deadly force on Jason, Defendant Doe acted willfully, wantonly, deliberately, maliciously and/or with reckless disregard for Jason's rights, safety and life.

5

Case ID: 090304677

30.   As a direct and proximate result of being struck by the gunshots fired by Defendant Doe, Jason was caused to suffer severe and excruciating physical pain, mental anguish, emotional distress, grief, shock, fright and horror.

31.   Immediately after Jason had been struck by the gunshots fired by Defendant Doe, other City police officers who were at the Scene carried Jason's body to a police van, while Jason was still alive, and put him in the back of the van.

32.   Immediately thereafter, Jason was transported from the Scene to Albert Einstein Medical Center (Northern Division) ("AEMC") in Philadelphia.

33.   Jason, while still alive and bleeding profusely from his gunshot wounds, arrived via the police van at AEMC at or about 12:00 noon on August 5, 2007.

34.   While Jason was in the emergency room of AEMC, emergency room personnel who were attending to him attempted to save his life by performing endotrachial intubation, a left thoracotomy and chest compressions.

35.   Shortly thereafter, Jason was taken from the emergency room of AEMC to an operating room, where he underwent surgery that was performed in a further and desperate effort to save his life.

36.   Despite the efforts made by hospital personnel, Jason died at AEMC at or about 3:02 p.m. on August 5, 2007, as a direct result of the multiple gunshot wounds he had received.

37.   On or about August 6, 2007, an autopsy was performed on Jason by a representative of the City's Office of Medical Examiner.

6

38.  The autopsy findings included gunshot wounds of the left upper chest, anterior right iliac crest, right upper arm, distal left forearm, left thigh and posterior right hip.

39.  The Medical Examiner who performed the autopsy on Jason determined and reported that the immediate cause of Jason's death was "multiple gunshot wounds", and that the manner of Jason's death was "homicide".

40.  In addition to Defendant Doe, Defendant City was responsible for the death of Jason, for the following reasons.

41.  At all relevant times, Defendant City, acting under color of law and by its policymakers, encouraged, tolerated, ratified and/or was deliberately indifferent to certain practices, customs and usages of City police officers of which the City was aware, including but not limited to:

(a)  Police officers' use of unreasonable and excessive force on citizens;

(b)  Police officers' use of deadly force on citizens under circumstances where lesser and/or non-deadly force should have been utilized;

(c)  Police officers' "shoot-to-kill" mentality in situations where the use of deadly force was unnecessary and inappropriate;

(d)  Police officers' use (or misuse) of their status as law enforcement officials to use unreasonable and excessive force and/or to commit unwarranted acts of violence on citizens; and

7

Case ID: 090304677

(e)    The failure of police officers to follow, carry out, comply with and/or adhere to certain policies, procedures, directives and/or instructions of the City regarding the use (or non-use) of unreasonable and excessive force.

42.    Despite its knowledge and/or reason to know of the said practices, customs and usages, at all relevant times, Defendant City, acting knowingly, intentionally, recklessly and/or with deliberate indifference to the rights of persons with whom the City knew or expected City police officers would come into contact, failed to properly or adequately train, supervise, control, instruct, direct and/or discipline Defendant Doe and other City police officers, so as to prevent the said practices, customs and usages from occurring, continuing and being repeated.

43.    At all relevant times, Defendant City, acting as aforesaid, encouraged, tolerated, ratified and/or was deliberately indifferent to City police officers' violations of the rights of citizens with whom the City knew or expected City police officers would come into contact, by engaging in, carrying out, implementing and/or fostering the City's policy, pattern and/or practice of failing and refusing to properly or adequately supervise, control, investigate and/or discipline police officers who the City knew or should have known:

(a)    Used unreasonable and/or excessive force on citizens;

(b)    Used deadly force on citizens under circumstances that could have been controlled by the use of lesser and/or non-deadly force;

(c)    Failed to follow, carry out, comply with or adhere to the City's policies, procedures, directives and/or instructions regarding the use (or non-use) of unreasonable and excessive force;

8

Case ID: 090304677

(d)   Were the subject of prior civilian or internal complaints of misconduct, including the use of unreasonable and excessive force; and

(e)   Were known by the City to be suffering from psychological or emotional problems or disorders that had caused or might cause them to use unreasonable and/or excessive force on citizens.

44.   The said conduct of Defendant Doe, which caused the death of Jason, was the result and a foreseeable consequence of: (a) Defendant City's encouragement, tolerance and ratification of and/or deliberate indifference to the said practices, customs and usages; and (b) the City's failure and refusal to properly train, supervise, control, investigate, instruct, direct and/or discipline City police officers.

## COUNT I

## PLAINTIFFS V. DEFENDANT JOHN DOE

## 42 U.S.C. § 1983 – WRONGFUL DEATH ACTION

45.   Plaintiffs incorporate by reference herein, all of the allegations of paragraphs 1 through 44, above, as though same were set forth more fully and at length hereat.

46.   The conduct and actions of Defendant Doe, acting as aforesaid, caused Jason to suffer a deprivation of certain rights and privileges secured and protected by the Fourth and Fourteenth Amendments of the United States Constitution and 42 U.S.C. § 1983, including the right to be free from the use of unreasonable and excessive force; the right to be free from the unlawful seizure of his person; and the right to be secure in his person.

9

47.   Jason died on August 5, 2007, as a direct and proximate result of Defendant Doe's said conduct and actions which violated and deprived Jason of his rights under the Fourth and Fourteenth Amendments and 42 U.S.C. § 1983.

48.   The unlawful conduct and actions of Defendant Doe were willful, wanton, intentional, deliberate and/or committed with reckless disregard for and/or reckless indifference to the said rights of Jason, thereby entitling Plaintiffs to an award of punitive damages.

49.   As a further result of the unlawful conduct and actions of Defendant Doe which caused the death of Jason, Plaintiffs have been, are being, and will in the future be deprived of the services, society, aid, comfort, love, affection, care, companionship, association and moral support of Jason.

50.   As a further result of the unlawful conduct and actions of Defendant Doe which caused the death of Jason, Plaintiffs have suffered, are suffering, and will in the future suffer loss of monetary support, financial contributions and other contributions they would have received from Jason during his lifetime.

51.   As a further result of the unlawful conduct and actions of Defendant Doe which caused the death of Jason, Plaintiffs and/or Jason were caused to incur medical and hospital bills for care and treatment that was rendered to Jason prior to and in connection with his death.

52.   As a further result of the unlawful conduct and actions of Defendant Doe which caused the death of Jason, Plaintiffs were caused to incur funeral, burial and estate administration expenses.

10

Case ID: 090304677

53.     As a further result of the unlawful conduct and actions of Defendant Doe which caused the death of Jason, Plaintiffs are entitled to an award of reasonable attorney's fees and costs pursuant to 42 U.S.C. §§ 1983 and 1988.

WHEREFORE, Plaintiffs pray that a judgment be entered in their favor and against Defendant John Doe which provides Plaintiffs with the following relief:

     (a)     Compensatory damages in an amount in excess of Fifty Thousand ($50,000) Dollars;

     (b)     Punitive damages;

     (c)     Reasonable attorney's fees and costs;

     (d)     Prejudgment interest; and

     (e)     Such other and further relief that is just and appropriate.

## COUNT II

### PLAINTIFFS V. DEFENDANT JOHN DOE

### 42 U.S.C. § 1983 – SURVIVAL ACTION

54.     Plaintiffs incorporate by reference herein, all of the allegations of paragraphs 1 through 53 above, as though same were set forth more fully and at length hereat.

55.     As a further result of the unlawful conduct and actions of Defendant Doe which caused the death of Jason, Jason was caused to suffer, endure and experience severe and excruciating physical pain, mental anguish, emotional distress, fright, grief and horror on August 5, 2007, between the time he was shot by Defendant Doe and the time of his death.

11

Case ID: 090304677

56.     As a further result of the unlawful conduct and actions of Defendant Doe which caused the death of Jason, Jason was deprived of the power, ability and opportunity to earn income during the course of what would have been his work life expectancy. Plaintiffs are entitled to recover, as damages, the net earnings that Jason would have received between the time of his death and the end of his work life expectancy but for the unlawful conduct and actions of Defendant Doe.

57.     Plaintiffs are entitled to an award of punitive damages because the conduct and actions of Defendant Doe were willful, wanton, intentional, deliberate and/or committed with reckless disregard for and/or reckless indifference to the said rights and privileges of Jason.

58.     As a further result of the unlawful conduct and actions of Defendant Doe which caused the death of Jason, Plaintiffs are entitled to an award of reasonable attorney's fees and costs pursuant to 42 U.S.C. §§ 1983 and 1988.

WHEREFORE, Plaintiffs pray that a judgment be entered in their favor and against Defendant John Doe which provides Plaintiffs with the following relief:

(a)     Compensatory damages in an amount in excess of Fifty Thousand ($50,000) Dollars;

(b)     Punitive damages;

(c)     Reasonable attorney's fees and costs;

(d)     Prejudgment interest; and

(e)     Such other and further relief that is just and appropriate.

12

Case ID: 090304677

<u>COUNT III</u>

<u>PLAINTIFFS V. DEFENDANT CITY OF PHILADELPHIA</u>

<u>42 U.S.C. § 1983 – WRONGFUL DEATH ACTION</u>

59.     Plaintiffs incorporate by reference herein, all of the allegations of paragraphs 1 through 58, above, as though same were set forth more fully and at length hereat.

60.     The said deprivations of Jason's constitutional rights and privileges were caused by and a foreseeable consequence of the conduct, action and inaction of Defendant City, acting as aforesaid, in encouraging, tolerating, ratifying and/or being deliberately indifferent to the said practices, customs and usages of the City's police officers of which the City was aware.

61.     The said deprivations of Jason's constitutional rights and privileges were further caused by and a foreseeable consequence of Defendant City's policy, pattern and/or practice of failing and refusing to properly or adequately train, supervise, control, instruct, direct and/or discipline Defendant Doe and other City police officers, when the City had actual knowledge and/or reason to know of the said practices, customs and usages of City police officers.

62.     The said conduct, action and inaction of Defendant City caused, led to and/or resulted in the death of Jason; and Defendant City is therefore liable to Plaintiffs under 42 U.S.C. § 1983.

63.     As a result of the unlawful conduct, action and inaction of Defendant City which resulted in the death of Jason, Plaintiffs have been, are being, and will in the

1 3

Case ID: 090304677

future be deprived of the services, society, aid, comfort, love, affection, care, companionship, association and moral support of Jason.

64.     As a further result of the unlawful conduct, action and inaction of Defendant City which resulted in the death of Jason, Plaintiffs have suffered, are suffering, and will in the future suffer loss of monetary support, financial contributions and other contributions they would have received from Jason during his lifetime.

65.     As a further result of the unlawful conduct, actions and inaction of Defendant City which resulted in the death of Jason, Plaintiffs and/or Jason were caused to incur medical and hospital bills for care and treatment that was rendered to Jason prior to and in connection with his death.

66.     As a further result of the unlawful conduct, action and inaction of Defendant City which resulted in the death of Jason, Plaintiffs were caused to incur funeral, burial and state administration expenses.

67.     As a further result of the unlawful conduct, action and inaction of Defendant City which resulted in the death of Jason, Plaintiffs are entitled to an award of attorney's fees and costs pursuant to 42 U.S.C. §§ 1983 and 1988.

WHEREFORE, Plaintiffs pray that a judgment be entered in their favor and against Defendant City of Philadelphia which provides Plaintiffs with the following relief:

(a)     Compensatory damages in an amount in excess of Fifty Thousand ($50,000) Dollars;

(b)     Reasonable attorney's fees and costs;

(c)     Prejudgment interest; and

(d)     Such other and further relief that is just and appropriate.

14

Case ID: 090304677

## COUNT IV

## PLAINTIFFS V. DEFENDANT CITY OF PHILADELPHIA

### 42 U.S.C. § 1983 – SURVIVAL ACTION

68.     Plaintiffs incorporate by reference herein, all of the allegations of paragraphs 1 through 67, above, as though same were set forth more fully and at length hereat.

69.     As a further result of the unlawful conduct, action and inaction of Defendant City which resulted in the death of Jason, Jason was caused to suffer, endure and experience severe and excruciating physical pain, mental anguish, emotional distress, fright, grief and horror on August 5, 2007, between the time he was shot by Defendant Doe and the time of his death.

70.     As a further result of the unlawful conduct, action and inaction of Defendant City which resulted in the death of Jason, Jason was deprived of the power, ability and opportunity to earn income during the course of what would have been his work life expectancy.  Plaintiffs are entitled to recover, as damages, the net earnings that Jason would have received between the time of his death and the end of his work life expectancy but for the unlawful conduct, action and inaction of Defendant City.

71.     As a further result of the unlawful conduct, action and inaction of Defendant City which resulted in the death of Jason, Plaintiffs are entitled to an award of reasonable attorney's fees and costs pursuant to 42 U.S.C. §§ 1983 and 1988.

WHEREFORE, Plaintiffs pray that a judgment be entered in their favor and against Defendant City of Philadelphia which provides Plaintiffs with the following relief:

15

(a)     Compensatory damages in an amount in excess of Fifty Thousand ($50,000) Dollars;

(b)     Reasonable attorney's fees and costs;

(c)     Prejudgment interest; and

(d)     Such other and further relief that is just and appropriate.

## COUNT V

## PLAINTIFFS V. DEFENDANT JOHN DOE

## STATE CLAIMS – WRONGFUL DEATH ACTION

72.     Plaintiffs incorporate by reference herein, all of the allegations of paragraphs 1 through 71, above, as though same were set forth more fully and at length hereat.

73.     Defendant Doe intentionally used deadly and violent force on Jason in an effort to cause grievous bodily harm and death.

74.     By using the said deadly and violent force on Jason, Defendant Doe did, in fact, cause harmful and offensive contacts with Jason's body which resulted in Jason's death.

75.     Defendant Doe's use of deadly and violent force on Jason constituted assault and battery.

76.     The amount and type of force that Defendant Doe used on Jason was unreasonable, unnecessary and excessive.

77.     Defendant Doe acted with malice and/or engaged in willful misconduct when he used the said deadly and violent force on Jason.

16

Case ID: 090304677

78. Under the circumstances, Defendant Doe's conduct and actions constituted a crime in that his use of deadly force was not justifiable, and Defendant Doe did not reasonably believe that there was a substantial risk that Jason would have caused death or serious bodily injury to another person if Defendant Doe did not use deadly force.

79. As a result of the wrongful conduct and actions of Defendant Doe which caused the death of Jason, Plaintiffs have been, are being, and will in the future be deprived of the services, society, aid, comfort, love, affection, care, companionship, association and moral support of Jason.

80. As a further result of the wrongful conduct and actions of Defendant Doe which caused the death of Jason, Plaintiffs have suffered, are suffering, and will in the future suffer loss of monetary support, financial contributions and other contributions they would have received from Jason during his lifetime.

81. As a further result of the wrongful conduct and actions of Defendant Doe which caused the death of Jason, Plaintiffs and/or Jason were caused to incur medical and hospital bills for care and treatment that was rendered to Jason prior to and in connection with his death.

82. As a further result of the wrongful conduct and actions of Defendant Doe which caused the death of Jason, Plaintiffs were caused to incur funeral, burial and estate administration expenses.

83. Because the wrongful conduct and actions of Defendant Doe which caused the death of Jason were extreme, outrageous, willful, wanton, intentional,

17

deliberate and/or committed with reckless disregard for the rights, safety and life of Jason, Plaintiffs are entitled to an award of punitive damages.

WHEREFORE, Plaintiffs pray that a judgment be entered in their favor and against Defendant John Doe which provides Plaintiffs with the following relief:

(a)     Compensatory damages in an amount in excess of Fifty Thousand ($50,000) Dollars;

(b)     Punitive damages;

(c)     Prejudgment interest; and

(d)     Such other and further relief that is just and appropriate.

## COUNT VI

## PLAINTIFFS V. DEFENDANT JOHN DOE

## STATE CLAIMS – SURVIVAL ACTION

84.     Plaintiffs incorporate by reference herein, all of the allegations of paragraphs 1 through 83, above, as though same were set forth more fully and at length hereat.

85.     As a further result of the wrongful conduct and actions of Defendant Doe, including his use of deadly and violent force on Jason to commit assault and battery, Jason was caused to suffer, endure and experience severe and excruciating physical pain, mental anguish, emotional distress, fright, grief and horror on August 5, 2007, between the time he was shot by Defendant Doe and the time of his death.

86.     As a further result of the wrongful conduct and actions of Defendant Doe, including his use of deadly and violent force on Jason, Jason was deprived of the power, ability and opportunity to earn income during the course of what would have

18

Case ID: 090304677

been his work life expectancy. Plaintiffs are entitled to recover, as damages, the net earnings that Jason probably would have received between the time of his death and the end of his work life expectancy but for the unlawful conduct and actions of Defendant Doe.

87.     Plaintiffs are entitled to an award of punitive damages because the conduct and actions of Defendant Doe which caused the injuries to and the death of Jason were extreme, outrageous, willful, wanton, intentional, deliberate and/or committed with reckless disregard for the rights, safety and life of Jason.

WHEREFORE, Plaintiffs pray that a judgment be entered in their favor and against Defendant John Doe which provides Plaintiffs with the following relief:

    (a)     Compensatory damages in an amount in excess of Fifty Thousand ($50,000) Dollars;

    (b)     Punitive damages;

    (c)     Prejudgment interest; and

    (d)     Such other and further relief that is just and appropriate.

19

Case ID: 090304677

**LAW OFFICES OF SIDNEY L. GOLD &
ASSOCIATES**

By: _____ /s/ Sidney L. Gold;
     SIDNEY L. GOLD             E.S.D.
     Attorney I.D. No. 21374
     Eleven Penn Center
     1835 Market Street, Suite 515
     Philadelphia, PA 19103
     (215) 569-1999
     (215) 569-3870 (fax)
     SGOLD@Discrimlaw.net


**SIDKOFF, PINCUS & GREEN, P.C.**

By: _____
     ROBERT A. DAVITCH
     Attorney I.D. No. 23827
     2700 Aramark Tower
     1101 Market Street
     Philadelphia, PA 19107
     (215) 574-0600
     (215) 574-0310 (fax)
     rad@sidkoffpincusgreen.com

     Attorneys for Plaintiffs


Dated:     03-27-09

20

## VERIFICATION

I, Rudolph Henry, hereby verify that the statements contained in this **Complaint** are true and correct to the best of our knowledge, information and belief. I understand that false statements herein are made subject to the penalties of Title 18 Pa. C.S.A. §4904, relating to unsworn falsification to authorities.

Rudolph Henry

RUDOLPH HENRY,
PARENT AND ADMINISTRATOR OF THE
ESTATE OF JASON I. HENRY,
DECEASED

DATED: 2-18-09

## VERIFICATION

I, Ruth Henry, hereby verify that the statements contained in this Complaint are true and correct to the best of our knowledge, information and belief. I understand that false statements herein are made subject to the penalties of Title 18 Pa. C.S.A. §4904, relating to unsworn falsification to authorities.

_Ruth Henry_
RUTH HENRY,
PARENT AND ADMINISTRATOR OF THE
ESTATE OF JASON J. HENRY,
DECEASED

DATED: 2-18-09

Case ID: 090304677