**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

---

**RUDOLPH HENRY and
RUTH HENRY**, husband and wife
Individually and as Co-Administrators
of the Estate of **JASON HENRY**, deceased
6883 North 19th Street
Philadelphia, PA 19126

      Plaintiffs,

   v.

**CITY OF PHILADELPHIA**
c/o Law Department
1515 Arch Street
Philadelphia, PA 19102
    and
**POLICE OFFICER DANIEL ZORAWSKI**
c/o Law Department
1515 Arch Street
Philadelphia, PA 19102
    and
**POLICE OFFICER GEORGE ORTH**
c/o Law Department
1515 Arch Street
Philadelphia, PA 19102
    and
**POLICE OFFICER CHRISTOPHER BRADSHAW**
c/o Law Department
1515 Arch Street
Philadelphia, PA 19102
    and
**POLICE OFFICER JOSEPH SCHIAVONE**
c/o Law Department
1515 Arch Street
Philadelphia, PA 19102
      Defendants.

         **CIVIL ACTION NO.
09-01584 (MMB)**

---

## **FIRST AMENDED COMPLAINT**

### **Introduction**

   This action was commenced by Plaintiffs in the Court of Common Pleas of

Philadelphia County.  On or about April 14, 2009, Defendant City of Philadelphia

removed the action to this Court pursuant to 28 U.S.C. § 1441 *et seq.* because the Complaint alleges violations of Plaintiffs' rights under 42 U.S.C. § 1983. The Court has jurisdiction over the action and Plaintiffs' federal claims pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3)(4); and it has supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367(a). Plaintiffs are filing this Amended Complaint pursuant to ¶ 1 of the Court's Order of June 2, 2009.

### Parties

1.     Plaintiffs, Rudolph Henry and Ruth Henry ("Plaintiffs"), husband and wife, are adult individuals and citizens of the Commonwealth of Pennsylvania who at all relevant times have resided at 6883 North 19th Street, Philadelphia, PA 19126.

2.     Plaintiffs are the natural parents of the late Jason Henry ("Jason"), who died on August 5, 2007, at the age of 23.

3.     Plaintiffs are the Co-Administrators of the Estate of Jason, having been appointed to act in that capacity by the Register of Wills of Philadelphia County on or about August 30, 2007.

4.     In their capacity as personal representatives of Jason and Co-Administrators of Jason's Estate, Plaintiffs, as the only persons entitled by law to recover damages, bring this wrongful death and survival action.

5.     Defendant, City of Philadelphia ("City"), is a municipality of the Commonwealth of Pennsylvania which at all relevant times has managed, controlled, directed and/or operated the Philadelphia Police Department ("Police Department").

6.     Defendant, Daniel Zorawski ("Zorawski"), Badge Number 5084, is an adult individual and a citizen of the Commonwealth of Pennsylvania who at all relevant times

2

was a police officer employed by Defendant City in the Police Department, and as such, was under the supervision, direction and control of the City and the Police Department.

7.      Defendant, George Orth ("Orth"), Badge Number 6862, is an adult individual and a citizen of the Commonwealth of Pennsylvania who at all relevant times was a police officer employed by Defendant City in the Police Department, and as such, was under the supervision, direction and control of the City and the Police Department.

8.      Defendant, Christopher Bradshaw ("Bradshaw"), Badge Number 8849, is an adult individual and a citizen of the Commonwealth of Pennsylvania who at all relevant times was a police officer employed by Defendant City in the Police Department, and as such, was under the supervision, direction and control of the City and the Police Department.

9.      Defendant, Joseph Schiavone ("Schiavone"), Badge Number 8537, is an adult individual and a citizen of the Commonwealth of Pennsylvania who at all relevant times was a police officer employed by Defendant City in the Police Department, and as such, was under the supervision, direction and control of the City and the Police Department.

10.     Defendants Zorawski, Orth, Bradshaw and Schiavone shall be referred to herein collectively as "the individual Defendants"

11.     The individual Defendants caused and/or were responsible for the death of Jason and the violation of Jason's rights, as alleged herein.

12.     At the time of the events and occurrences giving rise to this action, Defendants Bradshaw and Schiavone each occupied the position of sergeant with the

3

Police Department, and as such, they had supervisory authority over Defendants Zorawski and Orth.

13.    Plaintiffs bring this action against the individual Defendants in their individual and official capacities as a police officers for the Defendant City.

14.    At all relevant times, Defendant City and the individual Defendants acted under color of state law.

**Relevant Facts**

15.    On August 5, 2007, at or about 11:13 a.m., Plaintiff Ruth Henry called the Police Department seeking help for Jason because, as Plaintiff Ruth Henry informed the Police Department, Jason was acting "crazy", "like he was on drugs", in the house where Jason and Plaintiffs resided, located at 6883 North 19th Street in Philadelphia ("Plaintiffs' residence").

16.    As a result of Plaintiff Ruth Henry's call to the Police Department, a number of City police officers were dispatched to Plaintiffs' residence after 11:20 a.m. on August 5, 2007; and upon their arrival, the said City police officers stationed themselves outside or in front of Plaintiffs' residence ("the Scene").

17.    The individual Defendants, while on duty as police officers for Defendant City, were among the City police officers who were called to and arrived at the Scene after 11:20 a.m. on August 5, 2007.

18.    When the individual Defendants and the other City police officers arrived at the Scene, and for a period of time thereafter, Jason was inside Plaintiffs' residence.

19.    After the individual Defendants and the other City police officers had arrived at the Scene, they remained outside of Plaintiffs' residence.

4

20.     On August 5, 2007, at approximately 11:49 a.m., while the individual Defendants were still at the Scene stationed outside of Plaintiffs' residence, and while Jason was still inside Plaintiffs' residence, Sergeant Christine McShea of the Police Department declared the situation a "Barricade" in accordance with the Police Department's policies, procedures and/or regulations, including Police Directive No. 111.

21.     Although the said policies, procedures and/or regulations relating to "Barricades" provide that time is of no importance in removing an individual from barricaded premises, within moments after the "Barricade" had been declared, and even though there was no immediate threat of harm to any police officer or civilian outside of Plaintiffs' residence while Jason was inside the residence, Defendants Orth, Bradshaw and Schiavone acted with a sense of urgency to coerce, compel, induce, urge, encourage and/or otherwise cause Jason to come out of Plaintiffs' residence and surrender to the police.

22.     In contravention of the said policies, procedures and/or regulations, Defendants Orth, Bradshaw and Schiavone acted urgently to coerce, compel, induce, urge, encourage and/or otherwise cause Jason to exit Plaintiffs' residence and to surrender, when the "Barricade" had been declared and other police personnel had been called to the Scene (but had not yet arrived) who were better trained and equipped to resolve the situation peacefully through negotiations, the passage of time or otherwise while Jason remained inside Plaintiffs' residence.

23.     While the individual Defendants were at the Scene and stationed outside of Plaintiffs' residence, Jason's brother, Craig Henry, was also at the Scene, standing outside of Plaintiffs' residence.

24.     While he was outside of Plaintiffs' residence, and at the urging of Defendants Orth, Bradshaw and/or Schiavone, Craig Henry used his cellular phone to call Jason while Jason was inside Plaintiffs' residence, in a further effort to induce Jason to come out of Plaintiffs' residence and surrender to the police.

25.     At or around 11:56 a.m. on August 5, 2007, as a result of the said words and acts of Defendants Orth, Bradshaw and Schiavone, Jason exited Plaintiffs' residence through the front side door, in the plain view of the individual Defendants,

26.     According to civilian eyewitnesses who were at the Scene, when Jason exited Plaintiffs' residence, he was unarmed and posed no immediate threat of harm to any of the police officers or civilians who were at or near the Scene.

27.     However, almost immediately after Jason had exited Plaintiffs' residence, Defendant Bradshaw shot Jason with a "Taser" gun.

28.     The Taser gun was used by Defendant Bradshaw on Jason in an effort to subdue, control and/or temporarily incapacitate Jason.

29.     Although Defendant Bradshaw's use of the Taser gun on Jason did not constitute deadly force, Jason was stunned and shocked by the Taser.

30.     As a result of, and immediately after being stunned and shocked by the Taser, Jason stumbled to the ground in front of Plaintiffs' residence, near the front side door from which he had exited the residence.

6

31.     Within seconds after Jason had been stunned and shocked by the Taser, Defendant Zorawski, while facing Jason, used deadly force on Jason by firing at least seven gunshots at Jason in rapid succession and from close range.

32.     Jason was struck by six of the gunshots that were fired at him by Defendant Zorawski, with the bullets striking Jason in the left chest, right arm, left forearm, right iliac crest, right hip and left thigh.

33.     Defendant Zorawski acted with the intent to kill Jason when he fired the said gunshots; and Jason was, in fact, mortally wounded by the gunshots.

34.     The deadly force used by Defendant Zorawski against Jason, under the circumstances, was excessive and unreasonable.

35.     In using excessive, unreasonable and deadly force on Jason, Defendant Zorawski acted willfully, wantonly, deliberately, maliciously and/or with reckless disregard for Jason's rights, safety and life.

36.     As a direct and proximate result of being struck and felled by the gunshots fired by Defendant Zorawski, Jason was caused to suffer severe and excruciating physical pain, mental anguish, emotional distress, grief, shock, fright and horror.

37.     Immediately after Jason had been struck and felled by the gunshots fired by Defendant Zorawski, other City police officers who were at the Scene carried Jason's body to a police van, while Jason was still alive, and put him in the back of the van.

38.     Immediately thereafter, Jason was transported from the Scene to Albert Einstein Medical Center (Northern Division) ("AEMC") in Philadelphia.

39.     Jason, while still alive and bleeding profusely from his gunshot wounds, arrived via the police van at AEMC at or about 12:00 noon on August 5, 2007.

40.     While Jason was in the emergency room of AEMC, emergency room personnel who were attending to him attempted to save his life by performing endotrachial intubation, a left thoracotomy and chest compressions.

41.     Shortly thereafter, Jason was taken from the emergency room of AEMC to an operating room, where he underwent surgery that was performed in a further and desperate effort to save his life.

42.     Despite the efforts made by hospital personnel, Jason died at AEMC at or about 3:02 p.m. on August 5, 2007, as a direct result of the multiple gunshot wounds he had received from Defendant Zorawski's weapon.

43.     On or about August 6, 2007, an autopsy was performed on Jason by a representative of the City's Office of Medical Examiner.

44.     The autopsy findings included gunshot wounds of the left upper chest, anterior right iliac crest, right upper arm, distal left forearm, left thigh and posterior right hip.

45.     The Medical Examiner who performed the autopsy on Jason determined and reported that the immediate cause of Jason's death was "multiple gunshot wounds", and that the manner of Jason's death was "homicide".

46.     Based upon the acts and occurrences set forth above, Defendant Zorawski and the other individual Defendants caused and/or were responsible for the death of Jason.

8

47.    Defendant City was also responsible for the death of Jason in that at all relevant times, Defendant City, acting under color of law and by its policymakers, encouraged, tolerated, ratified and/or was deliberately indifferent to certain practices, customs and usages of City police officers of which the City was aware, including but not limited to:

(a)    Police officers' use of unreasonable and excessive force on citizens;

(b)    Police officers' use of deadly force on citizens under circumstances where lesser and/or non-deadly force should have been utilized;

(c)    Police officers' "shoot-to-kill" mentality in situations where the use of deadly force was unnecessary and inappropriate;

(d)    Police officers' use (or misuse) of their status as law enforcement officials to use unreasonable and excessive force and/or to commit unwarranted acts of violence on citizens; and

(e)    The failure of police officers to follow, carry out, comply with and/or adhere to certain policies, procedures, directives and/or instructions of the City regarding, *inter alia,* the use of force; Barricades; encounters with individuals who are or may be mentally disabled and/or under the influence of drugs; crisis and conflict management; crisis and dispute intervention.

48.    Despite its knowledge and/or reason to know of the said practices, customs and usages, at all relevant times, Defendant City, acting knowingly, intentionally, recklessly and/or with deliberate indifference to the rights of persons with whom the City knew or expected City police officers would come into contact, failed to

properly or adequately train, supervise, control, instruct, direct and/or discipline the
individual Defendants and other City police officers, so as to prevent the said practices,
customs and usages from occurring, continuing and being repeated.

49.      At all relevant times, Defendant City, acting as aforesaid, encouraged,
tolerated, ratified and/or was deliberately indifferent to City police officers' violations of
the rights of citizens with whom the City knew or expected City police officers would
come into contact, by engaging in, carrying out, implementing and/or fostering the City's
policy, pattern and/or practice of failing and refusing to properly or adequately
supervise, control, investigate and/or discipline police officers who the City knew or
should have known:

            (a)    Used unreasonable and/or excessive force on citizens;

            (b)    Used deadly force on citizens under circumstances that could have
been controlled by the use of lesser and/or non-deadly force;

            (c)    Failed to follow, carry out, comply with or adhere to the City's
policies, procedures, directives and/or instructions regarding the aforementioned issues;

            (d)    Were the subject of prior civilian or internal complaints of
misconduct, including the use of unreasonable and excessive force; and

            (e)    Were known by the City to be suffering from psychological or
emotional problems or disorders that had caused or might cause them to use
unreasonable and/or excessive force on citizens.

50.      The said conduct of the individual Defendants, which caused and/or
resulted in the death of Jason, was the result and a foreseeable consequence of: (a)
Defendant City's encouragement, tolerance and ratification of and/or deliberate

10

indifference to the said practices, customs and usages; and (b) the City's failure or refusal to properly train, supervise, control, investigate, instruct, direct and/or discipline City police officers.

## COUNT I

### PLAINTIFFS V. DEFENDANT DANIEL ZORAWSKI

### 42 U.S.C. § 1983 – WRONGFUL DEATH ACTION

51. Plaintiffs incorporate by reference herein, all of the allegations of paragraphs 1 through 50, above, as though same were set forth more fully and at length hereat.

52. The conduct and actions of Defendant Zorawski, including his use of unreasonable and deadly force on Jason when he shot Jason six times from close range and in rapid succession, caused Jason to suffer a deprivation of certain rights and privileges secured and protected by the Fourth and Fourteenth Amendments of the United States Constitution and 42 U.S.C. § 1983, including the right to be free from the use of unreasonable and excessive force; the right to be free from the unlawful seizure of his person; and the right to be secure in his person.

53. Jason died on August 5, 2007, as a direct and proximate result of Defendant Zorawski's said conduct and actions which violated and deprived Jason of his rights under the Fourth and Fourteenth Amendments and 42 U.S.C. § 1983.

54. The unlawful conduct and actions of Defendant Zorawski were willful, wanton, intentional, deliberate and/or committed with reckless disregard for and/or reckless indifference to the said rights of Jason, thereby entitling Plaintiffs to an award of punitive damages.

11

55.     As a further result of the unlawful conduct and actions of Defendant Zorawski which caused the death of Jason, Plaintiffs have been, are being, and will in the future be deprived of the services, society, aid, comfort, love, affection, care, companionship, association and moral support of Jason.

56.     As a further result of the unlawful conduct and actions of Defendant Zorawski which caused the death of Jason, Plaintiffs have suffered, are suffering, and will in the future suffer loss of monetary support, financial contributions and other contributions they would have received from Jason during his lifetime.

57.     As a further result of the unlawful conduct and actions of Defendant Zorawski which caused the death of Jason, Plaintiffs and/or Jason were caused to incur medical and hospital bills for care and treatment that was rendered to Jason prior to and in connection with his death.

58.     As a further result of the unlawful conduct and actions of Defendant Zorawski which caused the death of Jason, Plaintiffs were caused to incur funeral, burial and estate administration expenses.

59.     As a further result of the unlawful conduct and actions of Defendant Zorawski which caused the death of Jason, Plaintiffs are entitled to an award of reasonable attorney's fees and costs pursuant to 42 U.S.C. §§ 1983 and 1988.

WHEREFORE, Plaintiffs pray that a judgment be entered in their favor and against Defendant Daniel Zorawski which provides Plaintiffs with the following relief:

        (a)    Compensatory damages;

        (b)    Punitive damages;

        (c)    Reasonable attorney's fees and costs;

(d)     Prejudgment interest; and

(e)     Such other and further relief that is just and appropriate.

### COUNT II

### PLAINTIFFS V. DEFENDANT DANIEL ZORAWSKI

### 42 U.S.C. § 1983 – SURVIVAL ACTION

60.     Plaintiffs incorporate by reference herein, all of the allegations of paragraphs 1 through 59, above, as though same were set forth more fully and at length hereat.

61.     As a further result of the unlawful conduct and actions of Defendant Zorawski, which caused severe injuries to and the death of Jason, Jason was caused to suffer, endure and experience severe and excruciating physical pain, mental anguish, emotional distress, fright, grief and horror on August 5, 2007, between the time he was shot by Defendant Zorawski and the time of his death.

62.     As a further result of the unlawful conduct and actions of Defendant Zorawski, which caused severe injuries to and the death of Jason, Jason was deprived of the power, ability and opportunity to earn income during the course of what would have been his work life expectancy.  Plaintiffs are entitled to recover, as damages, the net earnings that Jason would have received between the time of his death and the end of his work life expectancy but for the unlawful conduct and actions of Defendant Zorawski.

63.     Plaintiffs are entitled to an award of punitive damages because the conduct and actions of Defendant Zorawski were willful, wanton, intentional, deliberate

13

and/or committed with reckless disregard for and/or reckless indifference to the said rights and privileges of Jason.

64.     As a further result of the unlawful conduct and actions of Defendant Zorawski, which caused severe injuries to and the death of Jason, Plaintiffs are entitled to an award of reasonable attorney's fees and costs pursuant to 42 U.S.C. §§ 1983 and 1988.

WHEREFORE, Plaintiffs pray that a judgment be entered in their favor and against Defendant Daniel Zorawski which provides Plaintiffs with the following relief:

(a)     Compensatory damages;

(b)     Punitive damages;

(c)     Reasonable attorney's fees and costs;

(d)     Prejudgment interest; and

(e)     Such other and further relief that is just and appropriate.

## COUNT III

### PLAINTIFFS V. DEFENDANT GEORGE ORTH

### 42 U.S.C. § 1983 – WRONGFUL DEATH ACTION

65.     Plaintiffs incorporate by reference herein, all of the allegations of paragraphs 1 through 64, above, as though same were set forth more fully and at length hereat.

66.     The conduct and actions of Defendant Orth, under the circumstances, including coercing, compelling, causing and/or inducing Jason to come out of Plaintiffs' residence to surrender to the police, caused Jason to suffer a deprivation of certain rights and privileges secured and protected by the Fourth and Fourteenth Amendments

of the United States Constitution and 42 U.S.C. § 1983, including the right to be free from the unlawful seizure of his person and the right to be secure in his person.

67.     The said conduct and actions of Defendant Orth did, in fact, cause, coerce, compel and/or induce Jason to come out of Plaintiffs' residence, thereby unreasonably creating a dangerous environment including the opportunity and the circumstances for unreasonable and deadly force to be used on Jason.

68.     Jason died on August 5, 2007, as a proximate result of Defendant Orth's said conduct and actions which violated and deprived Jason of his rights under the Fourth and Fourteenth Amendments and 42 U.S.C. § 1983.

69.     The unlawful conduct and actions of Defendant Orth were willful, wanton, intentional, deliberate and/or committed with reckless disregard for and/or reckless indifference to the said rights of Jason, thereby entitling Plaintiffs to an award of punitive damages.

70.     As a further result of the unlawful conduct and actions of Defendant Orth, which resulted in the death of Jason, Plaintiffs have been, are being and will be in the future be deprived of the services, society, aid, comfort, love, affection, care, companionship, association and moral support of Jason.

71.     As a further result of the unlawful conduct and actions of Defendant Orth, which resulted in the death of Jason, Plaintiffs have suffered, are suffering and will suffer loss of monetary support, financial contributions and other contributions they would have received from Jason during his lifetime.

72.     As a further result of the unlawful conduct and actions of Defendant Orth, which resulted in the death of Jason, Plaintiffs and/or Jason were caused to incur

medical and hospital bills for care and treatment that was rendered to Jason prior to and in connection with his death.

73.     As a further result of the unlawful conduct and actions of Defendant Orth, which resulted in the death of Jason, Plaintiffs were caused to incur funeral, burial and estate administration expenses.

74.     As a further result of the unlawful conduct and actions of Defendant Orth, which resulted in the death of Jason, Plaintiffs entitled to an award reasonable attorneys' fees and costs pursuant to 42 U.S.C. § § 1983 and 1988.

WHEREFORE, Plaintiffs pray that a judgment be entered in their favor and against Defendant George Orth which provides Plaintiffs with the following relief:

        (a)     Compensatory damages;

        (b)     Punitive damages;

        (c)     Reasonable attorneys' fees and costs;

        (d)     Prejudgment interest; and

        (e)     Such other and further relief that is just and appropriate.

## COUNT IV

## PLAINTIFFS V. DEFENDANT GEORGE ORTH

### 42 U.S.C. § 1983 – SURVIVAL ACTION

75.     Plaintiffs incorporate by reference herein, all of the allegations of paragraphs 1 through 74, above, as though same were set forth more fully and at length hereat.

76.     As a further result of the unlawful conduct and actions of Defendant Orth,

Jason was caused to suffer, endure and experience severe and excruciating physical pain, mental anguish, emotional distress, fright, grief and horror on August 5, 2007, between the time he exited Plaintiffs' residence and the time of his death.

77.     As a further result of the unlawful conduct and actions of Defendant Orth, which resulted in severe injuries to and the death of Jason, Jason was deprived of the power, ability and opportunity to earn income during the course of what would have been his work life expectancy.  Plaintiffs are entitled to recover, as damages, the net earnings that Jason would have received between the time of his death and the end of his work life expectancy but for the unlawful conduct and actions of Defendant Orth.

78.     Plaintiffs are entitled to an award of punitive damages because the conduct and actions of Defendant Orth were willful, wanton, intentional, deliberate and/or committed with reckless disregard for and/or reckless indifference to the said rights and privileges of Jason.

79.     As a further result of the unlawful conduct and actions of Defendant Orth, Plaintiffs are entitled to an award reasonable attorneys' fees and costs pursuant to 42 U.S.C. § § 1983 and 1988.

WHEREFORE, Plaintiffs pray that a judgment be entered in their favor and against Defendant George Orth which provides Plaintiffs with the following relief:

       (a)     Compensatory damages;

       (b)     Punitive damages;

       (c)     Reasonable attorneys' fees and costs;

       (d)     Prejudgment interest; and

       (e)     Such other and further relief that is just and appropriate.

## COUNT V

## PLAINTIFFS V. DEFENDANT CHRISTOPHER BRADSHAW

## 42 U.S.C. § 1983 – WRONGFUL DEATH ACTION

80.    Plaintiffs incorporate by reference herein, all of the allegations of paragraphs 1 through 79, above, as though same were set forth more fully and at length hereat.

81.    The conduct and actions of Defendant Bradshaw, under the circumstances, including coercing, compelling, causing and/or inducing Jason to come out of Plaintiffs' residence to surrender to the police, and shooting Jason with a Taser, caused Jason to suffer a deprivation of certain rights and privileges secured and protected by the Fourth and Fourteenth Amendments of the United States Constitution and 42 U.S.C. § 1983, including the right to be free from the use of unreasonable and excessive force; the right to be free from the unlawful seizure of his person; and the right to be secure in his person.

82.    The said conduct and actions of Defendant Bradshaw did, in fact, cause, coerce, compel and/or induce Jason to come out of Plaintiffs' residence, thereby unreasonably creating a dangerous environment including the opportunity and the circumstances for unreasonable and deadly force to be used on Jason.

83.    Jason died on August 5, 2007, as a proximate result of Defendant Bradshaw's said conduct and actions which violated and deprived Jason of his rights under the Fourth and Fourteenth Amendments and 42 U.S.C. § 1983.

84.    The unlawful conduct and actions of Defendant Bradshaw were willful, wanton, intentional, deliberate and/or committed with reckless disregard for and/or

18

reckless indifference to the said rights of Jason, thereby entitling Plaintiffs to an award of punitive damages.

85. As a further result of the unlawful conduct and actions of Defendant Bradshaw, which resulted in the death of Jason, Plaintiffs have been, are being and will be in the future be deprived of the services, society, aid, comfort, love, affection, care, companionship, association and moral support of Jason.

86. As a further result of the unlawful conduct and actions of Defendant Bradshaw, which resulted in the death of Jason, Plaintiffs have suffered, are suffering and will suffer loss of monetary support, financial contributions and other contributions they would have received from Jason during his lifetime.

87. As a further result of the unlawful conduct and actions of Defendant Bradshaw, which resulted in the death of Jason, Plaintiffs and/or Jason were caused to incur medical and hospital bills for care and treatment that was rendered to Jason prior to and in connection with his death.

88. As a further result of the unlawful conduct and actions of Defendant Bradshaw, which resulted in the death of Jason, Plaintiffs were caused to incur funeral, burial and estate administration expenses.

89. As a further result of the unlawful conduct and actions of Defendant Bradshaw, which resulted in the death of Jason, Plaintiffs entitled to an award reasonable attorneys' fees and costs pursuant to 42 U.S.C. § § 1983 and 1988.

WHEREFORE, Plaintiffs pray that a judgment be entered in their favor and against Defendant Christopher Bradshaw which provides Plaintiffs with the following relief:

(a)   Compensatory damages;

(b)   Punitive damages;

(c)   Reasonable attorneys' fees and costs;

(d)   Prejudgment interest; and

(e)   Such other and further relief that is just and appropriate.

## COUNT VI

## PLAINTIFFS V. DEFENDANT CHRISTOPHER BRADSHAW

## 42 U.S.C. § 1983 – SURVIVAL ACTION

90.   Plaintiffs incorporate by reference herein, all of the allegations of paragraphs 1 through 89, above, as though same were set forth more fully and at length hereat.

91.   As a further result of the unlawful conduct and actions of Defendant Bradshaw, Jason was caused to suffer, endure and experience severe and excruciating physical pain, mental anguish, emotional distress, fright, grief and horror on August 5, 2007, between the time he exited Plaintiffs' residence and the time of his death.

92.   As a further result of the unlawful conduct and actions of Defendant Bradshaw, which resulted in severe injuries to and the death of Jason, Jason was deprived of the power, ability and opportunity to earn income during the course of what would have been his work life expectancy.   Plaintiffs are entitled to recover, as damages, the net earnings that Jason would have received between the time of his death and the end of his work life expectancy but for the unlawful conduct and actions of Defendant Bradshaw.

93.     Plaintiffs are entitled to an award of punitive damages because the conduct and actions of Defendant Bradshaw were willful, wanton, intentional, deliberate and/or committed with reckless disregard for and/or reckless indifference to the said rights and privileges of Jason.

94.     As a further result of the unlawful conduct and actions of Defendant Bradshaw, Plaintiffs are entitled to an award reasonable attorneys' fees and costs pursuant to 42 U.S.C. § § 1983 and 1988.

WHEREFORE, Plaintiffs pray that a judgment be entered in their favor and against Defendant Christopher Bradshaw which provides Plaintiffs with the following relief:

      (a)     Compensatory damages;

      (b)     Punitive damages;

      (c)     Reasonable attorneys' fees and costs;

      (d)     Prejudgment interest; and

      (e)     Such other and further relief that is just and appropriate.

## COUNT VII

### PLAINTIFFS V. DEFENDANT JOSEPH SCHIAVONE

### 42 U.S.C. § 1983 – WRONGFUL DEATH ACTION

95.     Plaintiffs incorporate by reference herein, all of the allegations of paragraphs 1 through 94, above, as though same were set forth more fully and at length hereat.

96.     The conduct and actions of Defendant Schiavone, under the circumstances, including coercing, compelling, causing and/or inducing Jason to come

21

out of Plaintiffs' residence to surrender to the police, caused Jason to suffer a
deprivation of certain rights and privileges secured and protected by the Fourth and
Fourteenth Amendments of the United States Constitution and 42 U.S.C. § 1983,
including the right to be free from the unlawful seizure of his person and the right to be
secure in his person.

97.    The said conduct and actions of Defendant Schiavone did, in fact, cause,
coerce, compel and/or induce Jason to come out of Plaintiffs' residence, thereby
unreasonably creating a dangerous environment including the opportunity and the
circumstances for unreasonable and deadly force to be used on Jason.

98.    Jason died on August 5, 2007, as a proximate result of Defendant
Schiavone's said conduct and actions which violated and deprived Jason of his rights
under the Fourth and Fourteenth Amendments and 42 U.S.C. § 1983.

99.    The unlawful conduct and actions of Defendant Schiavone were willful,
wanton, intentional, deliberate and/or committed with reckless disregard for and/or
reckless indifference to the said rights of Jason, thereby entitling Plaintiffs to an award
of punitive damages.

100.   As a further result of the unlawful conduct and actions of Defendant
Schiavone, which resulted in the death of Jason, Plaintiffs have been, are being and will
be in the future be deprived of the services, society, aid, comfort, love, affection, care,
companionship, association and moral support of Jason.

101.   As a further result of the unlawful conduct and actions of Defendant
Schiavone, which resulted in the death of Jason, Plaintiffs have suffered, are suffering

and will suffer loss of monetary support, financial contributions and other contributions they would have received from Jason during his lifetime.

102. As a further result of the unlawful conduct and actions of Defendant Schiavone, which resulted in the death of Jason, Plaintiffs and/or Jason were caused to incur medical and hospital bills for care and treatment that was rendered to Jason prior to and in connection with his death.

103. As a further result of the unlawful conduct and actions of Defendant Schiavone, which resulted in the death of Jason, Plaintiffs were caused to incur funeral, burial and estate administration expenses.

104. As a further result of the unlawful conduct and actions of Defendant Schiavone, which resulted in the death of Jason, Plaintiffs entitled to an award reasonable attorneys' fees and costs pursuant to 42 U.S.C. § § 1983 and 1988.

WHEREFORE, Plaintiffs pray that a judgment be entered in their favor and against Defendant Joseph Schiavone which provides Plaintiffs with the following relief:

      (a)    Compensatory damages;

      (b)    Punitive damages;

      (c)    Reasonable attorneys' fees and costs;

      (d)    Prejudgment interest; and

      (e)    Such other and further relief that is just and appropriate.

### COUNT VIII

### PLAINTIFFS V. DEFENDANT JOSEPH SCHIAVONE

### 42 U.S.C. § 1983 – SURVIVAL ACTION

105. Plaintiffs incorporate by reference herein, all of the allegations of paragraphs 1 through 104, above, as though same were set forth more fully and at length hereat.

106. As a further result of the unlawful conduct and actions of Defendant Schiavone, Jason was caused to suffer, endure and experience severe and excruciating physical pain, mental anguish, emotional distress, fright, grief and horror on August 5, 2007, between the time he exited Plaintiffs' residence and the time of his death.

107. As a further result of the unlawful conduct and actions of Defendant Schiavone, which resulted in severe injuries to and the death of Jason, Jason was deprived of the power, ability and opportunity to earn income during the course of what would have been his work life expectancy. Plaintiffs are entitled to recover, as damages, the net earnings that Jason would have received between the time of his death and the end of his work life expectancy but for the unlawful conduct and actions of Defendant Schiavone.

108. Plaintiffs are entitled to an award of punitive damages because the conduct and actions of Defendant Schiavone were willful, wanton, intentional, deliberate and/or committed with reckless disregard for and/or reckless indifference to the said rights and privileges of Jason.

24

109.   As a further result of the unlawful conduct and actions of Defendant Schiavone, Plaintiffs are entitled to an award reasonable attorneys' fees and costs pursuant to 42 U.S.C. § § 1983 and 1988.

WHEREFORE, Plaintiffs pray that a judgment be entered in their favor and against Defendant Joseph Schiavone which provides Plaintiffs with the following relief:

        (a)   Compensatory damages;

        (b)   Punitive damages;

        (c)   Reasonable attorneys' fees and costs;

        (d)   Prejudgment interest; and

        (e)   Such other and further relief that is just and appropriate.

### COUNT IX

### PLAINTIFFS V. DEFENDANT CITY OF PHILADELPHIA

### 42 U.S.C. § 1983 – WRONGFUL DEATH ACTION

110.   Plaintiffs incorporate by reference herein, all of the allegations of paragraphs 1 through 109, above, as though same were set forth more fully and at length hereat.

111.   The said deprivations of Jason's constitutional rights and privileges were caused by and a foreseeable consequence of the conduct, action and inaction of Defendant City, acting as aforesaid, in encouraging, tolerating, ratifying and/or being deliberately indifferent to the said practices, customs and usages of the City's police officers of which the City was aware.

112.   The said deprivations of Jason's constitutional rights and privileges were further caused by and a foreseeable consequence of Defendant City's policy, pattern

and/or practice of failing and refusing to properly or adequately train, supervise, control, instruct, direct and/or discipline the individual Defendants and other City police officers, when the City had actual knowledge and/or reason to know of the said practices, customs and usages of City police officers.

113. The said conduct, action and inaction of Defendant City caused, led to and/or resulted in the death of Jason; and Defendant City is therefore liable to Plaintiffs under 42 U.S.C. § 1983.

114. As a result of the unlawful conduct, action and inaction of Defendant City which resulted in the death of Jason, Plaintiffs have been, are being, and will in the future be deprived of the services, society, aid, comfort, love, affection, care, companionship, association and moral support of Jason.

115. As a further result of the unlawful conduct, action and inaction of Defendant City which resulted in the death of Jason, Plaintiffs have suffered, are suffering, and will in the future suffer loss of monetary support, financial contributions and other contributions they would have received from Jason during his lifetime.

116. As a further result of the unlawful conduct, actions and inaction of Defendant City which resulted in the death of Jason, Plaintiffs and/or Jason were caused to incur medical and hospital bills for care and treatment that was rendered to Jason prior to and in connection with his death.

117. As a further result of the unlawful conduct, action and inaction of Defendant City which resulted in the death of Jason, Plaintiffs were caused to incur funeral, burial and state administration expenses.

118. As a further result of the unlawful conduct, action and inaction of Defendant City which resulted in the death of Jason, Plaintiffs are entitled to an award of attorney's fees and costs pursuant to 42 U.S.C. §§ 1983 and 1988.

WHEREFORE, Plaintiffs pray that a judgment be entered in their favor and against Defendant City of Philadelphia which provides Plaintiffs with the following relief:

(a) Compensatory damages;

(b) Reasonable attorney's fees and costs;

(c) Prejudgment interest; and

(d) Such other and further relief that is just and appropriate.

## COUNT X

## PLAINTIFFS V. DEFENDANT CITY OF PHILADELPHIA

## 42 U.S.C. § 1983 – SURVIVAL ACTION

119. Plaintiffs incorporate by reference herein, all of the allegations of paragraphs 1 through 118, above, as though same were set forth more fully and at length hereat.

120. As a further result of the unlawful conduct, action and inaction of Defendant City, which resulted in severe injuries to and the death of Jason, Jason was caused to suffer, endure and experience severe and excruciating physical pain, mental anguish, emotional distress, fright, grief and horror on August 5, 2007, between the time he exited Plaintiffs' residence and the time of his death.

121. As a further result of the unlawful conduct, action and inaction of Defendant City, which resulted in the death of Jason, Jason was deprived of the power, ability and opportunity to earn income during the course of what would have been his

27

work life expectancy.  Plaintiffs are entitled to recover, as damages, the net earnings that Jason would have received between the time of his death and the end of his work life expectancy but for the unlawful conduct, action and inaction of Defendant City.

122.  As a further result of the unlawful conduct, action and inaction of Defendant City, which resulted in severe injuries to and the death of Jason, Plaintiffs are entitled to an award of reasonable attorney's fees and costs pursuant to 42 U.S.C. §§ 1983 and 1988.

WHEREFORE, Plaintiffs pray that a judgment be entered in their favor and against Defendant City of Philadelphia which provides Plaintiffs with the following relief:

(a)  Compensatory damages;

(b)  Reasonable attorney's fees and costs;

(c)  Prejudgment interest; and

(d)  Such other and further relief that is just and appropriate.

## COUNT XI

### PLAINTIFFS V. DEFENDANT DANIEL ZORAWSKI

### STATE CLAIMS – WRONGFUL DEATH ACTION

123.  Plaintiffs incorporate by reference herein, all of the allegations of paragraphs 1 through 122, above, as though same were set forth more fully and at length hereat.

124.  Defendant Zorawski intentionally used deadly and violent force on Jason in an effort to cause grievous bodily harm and death.

125. By using the said deadly and violent force on Jason, Defendant Zorawski did, in fact, cause harmful and offensive contacts with Jason's body which resulted in Jason's death.

126. Defendant Zorawski's use of deadly and violent force on Jason constituted assault and battery.

127. The amount and type of force that Defendant Zorawski used on Jason was unreasonable, unnecessary and excessive.

128. Defendant Zorawski acted with malice and/or engaged in willful misconduct when he used the said deadly and violent force on Jason.

129. Under the circumstances, Defendant Zorawski's conduct and actions constituted a crime in that his use of deadly force was not justifiable, and Defendant Zorawski did not reasonably believe that there was a substantial risk that Jason would have caused death or serious bodily injury to another person if Defendant Zorawski did not use deadly force.

130. As a result of the wrongful conduct and actions of Defendant Zorawski which caused the death of Jason, Plaintiffs have been, are being, and will in the future be deprived of the services, society, aid, comfort, love, affection, care, companionship, association and moral support of Jason.

131. As a further result of the wrongful conduct and actions of Defendant Zorawski which caused the death of Jason, Plaintiffs have suffered, are suffering, and will in the future suffer loss of monetary support, financial contributions and other contributions they would have received from Jason during his lifetime.

132.   As a further result of the wrongful conduct and actions of Defendant Zorawski which caused the death of Jason, Plaintiffs and/or Jason were caused to incur medical and hospital bills for care and treatment that was rendered to Jason prior to and in connection with his death.

133.   As a further result of the wrongful conduct and actions of Defendant Zorawski which caused the death of Jason, Plaintiffs were caused to incur funeral, burial and estate administration expenses.

134.   Because the wrongful conduct and actions of Defendant Zorawski which caused the death of Jason were extreme, outrageous, willful, wanton, intentional, deliberate and/or committed with reckless disregard for the rights, safety and life of Jason, Plaintiffs are entitled to an award of punitive damages.

WHEREFORE, Plaintiffs pray that a judgment be entered in their favor and against Defendant Daniel Zorawski which provides Plaintiffs with the following relief:

   (a)   Compensatory damages;

   (b)   Punitive damages;

   (c)   Prejudgment interest; and

   (d)   Such other and further relief that is just and appropriate.

## COUNT XII

## PLAINTIFFS V. DEFENDANT DANIEL ZORAWSKI

## STATE CLAIMS – SURVIVAL ACTION

135.   Plaintiffs incorporate by reference herein, all of the allegations of paragraphs 1 through 134, above, as though same were set forth more fully and at length hereat.

136.    As a further result of the wrongful conduct and actions of Defendant Zorawski, including his use of deadly and violent force on Jason to commit assault and battery, Jason was caused to suffer, endure and experience severe and excruciating physical pain, mental anguish, emotional distress, fright, grief and horror on August 5, 2007, between the time he was shot by Defendant Zorawski and the time of his death.

137.    As a further result of the wrongful conduct and actions of Defendant Zorawski, including his use of deadly and violent force on Jason, Jason was deprived of the power, ability and opportunity to earn income during the course of what would have been his work life expectancy.  Plaintiffs are entitled to recover, as damages, the net earnings that Jason probably would have received between the time of his death and the end of his work life expectancy but for the unlawful conduct and actions of Defendant Zorawski.

138.    Plaintiffs are entitled to an award of punitive damages because the conduct and actions of Defendant Zorawski which caused the injuries to and the death of Jason were extreme, outrageous, willful, wanton, intentional, deliberate and/or committed with reckless disregard for the rights, safety and life of Jason.

WHEREFORE, Plaintiffs pray that a judgment be entered in their favor and against Defendant Daniel Zorawski which provides Plaintiffs with the following relief:

(a)    Compensatory damages;

(b)    Punitive damages;

(c)    Prejudgment interest; and

(d)    Such other and further relief that is just and appropriate.


**LAW OFFICES OF SIDNEY L. GOLD &
ASSOCIATES**

By: _____
SIDNEY L. GOLD
Attorney I.D. No. 21374
Eleven Penn Center
1835 Market Street, Suite 515
Philadelphia, PA 19103
(215) 569-1999
(215) 569-3870 (fax)
SGOLD@Discrimlaw.net


**SIDKOFF, PINCUS & GREEN, P.C.**

By: _____
ROBERT A. DAVITCH
Attorney I.D. No. 23827
2700 Aramark Tower
1101 Market Street
Philadelphia, PA  19107
(215) 574-0600
(215) 574-0310 (fax)
rad@sidkoffpincusgreen.com

Attorneys for Plaintiffs


Date.  June 23, 2009

## CERTIFICATE OF SERVICE

We hereby certify that on this date, we caused a true and correct copy of First Amended Complaint, to be served by hand delivery to:

Mark V. Maguire
Assistant City Solicitor
City of Philadelphia Law Department
One Parkway
1515 Arch Street
Philadelphia, PA   19102

SIDNEY L. GOLD & ASSOCIATES, P.C.        SIDKOFF, PINCUS & GREEN, P.C.

SIDNEY L. GOLD, ESQUIRE                          ROBERT A. DAVITCH, ESQUIRE
Attorney I.D. No. 21374                              Attorney I.D. No. 23827
1835 Market Street, Suite 515                     2700 Aramark Tower
Philadelphia, PA 19103                             1101 Market Street
215-569-1999                                          Philadelphia, PA 19107
215-569-3870 (fax)                                  215-574-0600
sgold@discrimlaw.net                               215-574-0310 (fax)
**Attorneys for Plaintiffs**                         rad@sidkoffpincusgreen.com
                                                          **Attorneys for Plaintiffs**

Date:  June 23, 2009