IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RUDOLPH HENRY, et al., | : | CIVIL ACTION |
|    Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| CITY OF PHILADELPHIA, et al., | : | NO. 09-1584 |
|    Defendants. | : | |

**MEMORANDUM OPINION**

DAVID R. STRAWBRIDGE                                                                                      December 7, 2010
UNITED STATES MAGISTRATE JUDGE

      On September 30, 2010, we granted in part and denied in part the motion for summary judgment filed by the individual defendants in this matter. As a result of our decision, Plaintiffs cannot take to trial the claims that they had asserted under "the Fourth and Fourteenth Amendments" against Officer Orth, Sergeant Bradshaw, and Sergeant Schiavone that had related to the actions those officers took in persuading Jason Henry to exit the house during the August 5, 2007 encounter that is the subject of this litigation.

      On October 13, 2010, Plaintiffs filed a motion for reconsideration under Local Rule of Civil Procedure 7.1(g). Plaintiffs ask that we reconsider our decision to grant summary judgment in favor of Orth, Bradshaw, and Schiavone and instead deny the summary judgment motion in its entirety. *See* Doc. 50 (proposed order and Mem. of Law at 14). Plaintiffs argue that "the Court erred in concluding that Orth, Bradshaw, and Schiavone are entitled to qualified immunity with respect to Plaintiffs' claim arising under the state-created danger theory." *See* Mem. in Supp. of Pls. Mot. for Recon. at 4 (Doc. 50).

1

The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. *See, e.g., Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985); *InterDigital Communics. Corp. v. Federal Ins. Co.*, 403 F. Supp.2d 391, 392 (E.D. Pa. 2005). In that courts have a strong interest in finality of judgments, motions for reconsideration should be granted sparingly. *See Continental Cas. Co. v. Diversified Indus., Inc.*, 884 F. Supp. 937, 943 (E.D. Pa. 1995). Mere disagreement with the outcome of a court's decision is not a proper basis for a motion for reconsideration. *See Claycomb v. Playtex*, 363 Fed. Appx. 152, 152-53 (3d Cir. 2010); *Smith v. Sandals Resorts Int'l, Ltd.*, 709 F. Supp.2d 350, 356 (E.D. Pa. 2010). Our Court of Appeals instructs that a court should grant a motion for reconsideration only if the requesting party establishes at least one of the following grounds: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café, by Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

Plaintiffs' motion for reconsideration appears to be based upon the third *Max's Seafood* ground, in that Plaintiffs' memorandum of law cites to authorities for the proposition, in Plaintiffs' words, that "one purpose of [a] motion for reconsideration is to correct [a] manifest error of law" and that "[the] district court should grant [a] motion for reconsideration 'to correct a clear error of law or to prevent manifest injustice.'" *See* Mem. in Supp. of Pls. Mot. for Recon. at 4 (Doc. 50) (citing *Harsco Corp. v. Zlotnicki*, 779 F.3d 906, 909 (3d Cir. 1986), and *New Chemic (U.S.), Inc. v. Fine Grinding Corp.*, 948 F. Supp. 17, 18-19 (E.D. Pa. 1996)).[1] They also appear to suggest that the

---

[1] Plaintiffs include a four-page "facts" section in their memorandum of law, identifying "the facts the Court should have considered in determining whether Orth, Bradshaw and Schiavone are immune from liability to Plaintiffs on the state-created danger claim." *See* Mem. in Supp. of Pls.

Court improperly limited the scope of its consideration of relevant facts only to the communication with Jason Henry to drop his knife and come out of the house and without considering "the totality of the circumstances" that preceded the Tasering and shooting, e.g., the fact that he had appeared emotionally or mentally unstable, that the barricade that was declared was intended in part to protect him, and that the mere presence of the officers in the breezeway violated department policy concerning the zone of protection that was to be maintained while awaiting the arrival of a SWAT team and crisis negotiators. *See id.* at 7.

Plaintiffs argue that the Court's memorandum opinion provided an "erroneous" analysis to conclude that a Plaintiff facing an assertion of qualified immunity by a defendant official in a state-created danger case must "point to previous case law that imposed liability on a government official under similar factual circumstances" and that, instead, it should only have been necessary for Mr. and Mrs. Henry to establish that the state-created danger theory had been clearly established and that the specific conduct of the defendant officers violated Jason Henry's rights "*under that theory*." *Id.* at 8-9 (emphasis in original). "Accordingly, the *particular facts* of the case are not nearly as important as whether *the theory itself* has been clearly established." *Id.* at 9 (emphasis in original). Plaintiffs contend that the Court should simply have acknowledged that the state-created danger theory of § 1983 had been recognized and then analyzed Defendants' motion under "the four generic elements of a valid state-created danger claim." *Id.* at 9. Plaintiffs also correctly note that, when

---

Mot. for Recon. at 7, 4-7 (Doc. 50). As Plaintiffs indicate by their citation in their reconsideration motion to pages 3-33 of their original brief in opposition to Defendants' motion for summary judgment, their motion for reconsideration does not present newly-discovered evidence but rather simply repeats facts that were already before the Court when the motion for summary judgment was ripe for review. *Compare* Pls. Mem. of Law in Opp. to Summ. Jmt. at 31-33 (Doc. 42) *with* Mem. in Supp. of Pls. Mot. for Recon. at 5-7 (Doc. 50).

considering whether the defendants in *Rivas v. City of Passaic*, 365 F.3d 181 (3d Cir. 2004) were entitled to qualified immunity, the Third Circuit held that they were not because the state-created danger doctrine had been clearly established by *Kneipp v. Tedder*, 95 F.3d 1199 (3d Cir. 1996) — a case with very different facts. *Id.* at 11-12.

Our memorandum opinion recognized the tension involved in assessing whether the contours of a particular right asserted by a plaintiff has been "clearly established" within the meaning of, and given the purposes of, the qualified immunity doctrine. We recognized that qualified immunity will not be available to an official who has violated a general constitutional rule that applies "with obvious clarity to the specific condition in question, even though the very action in question has [not] previously been held unlawful." *Hope v. Pelzer*, 536 U.S. 730, 741 (2002). However, we read the Supreme Court precedents to require a higher "degree of prior factual particularity" where, as here, "an earlier case expressly leaves open whether a general rule applies to the particular type of conduct at issue." *United States v. Lanier*, 520 U.S. 259, 271 (1997). Our memorandum opinion demonstrated why we believed the legal landscape was such that close consideration of the facts was required in this case. That analysis included discussion of cases that post-date *Rivas*.

While Plaintiffs' contentions are by no means frivolous, they are essentially the same arguments that were presented in opposition to Defendants' summary judgment motion. We addressed those issues at length in our memorandum opinion. "A motion for reconsideration is not properly grounded on a request that a court reconsider repetitive arguments that have been fully examined by the court." *Blue Mountain Mushroom Co. v. Monterey Mushroom, Inc.*, 246 F. Supp.2d 394, 398 (E.D. Pa. 2002). As we find neither clear error in the September 30, 2010 decision nor that

4

reconsideration of that decision is necessary to prevent manifest injustice, we will deny Plaintiffs' motion for reconsideration.[2] An appropriate order follows.

---

[2] In light of the fact that Plaintiffs' timely motion for reconsideration was filed on October 13, 2010 and served at that time on defense counsel via the Court's ECF system as well as by first class mail, *see* Pls.' Mot. for Recon. at 15 (Doc. 50), any opposition that the Defendant Officers wished to make to Plaintiffs' motion was due on November 1, 2010. It was not until November 23, 2010 that Defendants filed with the Clerk's Office a letter addressed to me in which counsel stated that Defendants "seek to file a Response to Plaintiff's Motion for Reconsideration" in this matter and attaching thereto their response to the reconsideration motion. *See* Doc. 53 (characterized on the docket, in text composed by defense counsel as the ECF filer, as "Response to Motion for Reconsideration"). Defendants did not seek leave prior to the filing deadline for an extension of time to respond to Plaintiffs' motion for reconsideration; Defendants did not file a motion seeking leave to file their response *nunc pro tunc*; counsel's letter accompanying the response did not even acknowledge that Defendants' opposition was being made out of time; and Defendants have not provided any explanation for their failure to register their opposition to Plaintiffs' motion in a timely manner. Accordingly, we do not consider Defendants' submission.